UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

JEFFREY P. MARCUM                                                                         PETITIONER

V.                                                         CIVIL ACTION NO. 3:23-CV-311-DPJ-ASH

BILLY SOLLIE                                                                             RESPONDENT

REPORT AND RECOMMENDATION

Petitioner Jeffrey P. Marcum is a pretrial detainee at the Lauderdale County Jail in Meridian, Mississippi. He challenges his detention in this habeas action under 28 U.S.C. § 2241. Respondent seeks dismissal [15], and Marcum opposes [17] that motion. Marcum also has filed an unsigned and opposed motion to stay [19]. As explained below, the undersigned recommends the Court (1) grant Respondent's motion to dismiss, dismissing with prejudice any claims seeking dismissal of the state charges and immediate release and dismissing without prejudice all remaining claims for failure to exhaust, and (2) deny Marcum's motion to stay.

**I.     Facts and Procedural History**

On September 19, 2022, the Lauderdale County Sheriff's Department arrested Marcum on two felony warrants issued by the Lauderdale County Justice Court for rape and lustful touching.[1] Mot. to Dismiss, Exs. A–B [15-1 to -2]. That court conducted a preliminary hearing on October 18, 2022, at which the Justice Court Judge concluded that there was probable cause to believe Marcum committed the crimes charged and set a total bond of $220,000.[2] *Id.*, Ex. E [15-5]. In early 2023, Marcum filed two pro se motions with the Lauderdale County Circuit

---

[1] After he was arrested, the Lauderdale County Justice Court issued another warrant for Marcum's arrest on the charge of intimidating a witness. Mot. to Dismiss, Ex. C [15-3].

[2] The Justice Court Judge's probable cause determination included the rape and lustful touching charges as well as the subsequent witness-intimidation charge. Mot. to Dismiss, Ex. E [15-5].

Court: a January 17 motion in which he complained that he did not have an initial hearing and a February 8 motion for bond reduction. *Id.*, Exs. F–G [15-6 to -7]. Also on February 8, through the public defender, Marcum filed a state habeas petition in Lauderdale County Circuit Court requesting "an order releasing him, a reduction of bond, and/or any other general and specific relief as he may be entitled." State Habeas Pet. [6] at 3. The court dismissed that petition on February 20, 2024, and Marcum filed a pro se Notice of Appeal on April 22, 2024. *See* Order [27-5]; *Marcum v. State*, No. 2024-TS-471 (Miss. Apr. 23, 2024).

On April 6, 2023, the state grand jury returned an indictment against Marcum charging him with two counts of sexual battery. State Ct. R. [16-1].[3] The trial court arraigned Marcum on April 18, 2023, and set an August 31, 2023 plea deadline. Marcum's attorney then filed a motion for discovery on May 3, 2023. On August 31, 2023, in response to an *ore tenus* motion filed by Marcum through his attorney, the court reset Marcum's case for a December 7 status conference. Mot. to Dismiss, Ex. L [15-12]. On December 6, 2023, the court again entered an order granting an *ore tenus* motion filed by Marcum through his attorney, which reset the trial date for December 9, 2024. *See* State Ct. Order [27-4]. This December 9, 2024 order included a speedy trial waiver and Marcum's initials: JPM. *Id.*[4]

Marcum filed this habeas petition challenging his pretrial detention and excessive bond in May 2023. He asks the Court to grant him any relief he might be entitled to, including "a bond reduction [or] release." Pet. [1] at 4; *accord* Am. Pet. [11] at 7 (seeking "a bond reduction and or any rel[ie]f this Honorable Court can give me"). Respondent moved to dismiss [15], and Marcum

---

[3] The indictment is silent as to Marcum's witness-intimidation charge. *See* State Ct. R. [16-1].

[4] The August 31, 2023 order also included a speedy trial waiver, but did not contain Marcum's initials. Mot. to Dismiss, Ex. L [15-12].

2

responded [17] and filed his unsigned and opposed motion to stay [19]. Both motions are fully briefed.

## II.     Analysis

It is not entirely clear what grounds Marcum is pursuing in his petition. The undersigned has reviewed and liberally construed all his filings. *See McCloud v. Wainwright*, 508 F.2d 853, 854 n.2 (5th Cir. 1975).

### A.     Dismissal of Pending Charges

Habeas relief is available under § 2241(c)(3) for a prisoner "in custody in violation of the Constitution or laws or treaties of the United States." But "[a] pretrial detainee is not permitted to derail 'a pending state proceeding by an attempt to litigate constitutional defenses prematurely in federal court.'" *Graham v. Sollie*, No. 3:21-CV-379-DPJ-FKB, 2021 WL 5411549, at *1 (S.D. Miss. Oct. 22, 2021) (quoting *Braden v. 30th Jud. Cir. Ct. of Ky.*, 410 U.S. 484, 493 (1973)). Thus, a pretrial detainee, for example, "may not seek dismissal of state charges and release based upon his right to a speedy trial." *Id.* (citing *Brown v. Estelle*, 530 F.2d 1280, 1283 (5th Cir. 1976)).

On the other hand, where "special circumstances" are present, federal habeas corpus may lie "to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court." *Braden*, 410 U.S. at 489. "'Special circumstances' are those on which a 'federal court cannot await a final ruling by [a] state court[], because the integrity of a federal right is threatened.'" *Wilson v. Washington County*, No. 4:20-CV-158-DMB-DAS, 2021 WL 4497493, at *2 (N.D. Miss. Sept. 30, 2021) (quoting *Vassar-El v. Orleans Par. Prison*, No. 18-838, 2018 WL 4462544, at *2 (E.D. La. Sept. 18, 2018). Special circumstances are present where

> (1) the state-court proceeding was brought in bad faith or to harass the federal plaintiff; (2) the federal plaintiff seeks to challenge a state statute that is "flagrantly and patently violative of express constitutional provisions in every clause, sentence, and paragraph, and in whatever manner and against whomever an effort might be made to apply it," or (3) . . . other "extraordinary circumstances" threaten "irreparable loss [that] is both great and immediate."

*Gates v. Strain*, 885 F.3d 874, 880 (5th Cir. 2018) (quoting *Younger v. Harris*, 401 U.S. 37, 45, 53–54 (1971)); *see Portis v. Sollie*, No. 3:20-CV-316-TSL-RPM, 2021 WL 908214, at *2 (S.D. Miss. Jan. 20, 2021) (finding three situations spelled out in *Gates* "applicable in the federal habeas context").

The Fifth Circuit has explained that "the [S]ixth [A]mendment right to a speedy trial is [not] a per se 'special circumstance.'" *Dickerson v. State of Louisiana*, 816 F.2d 220, 227 (5th Cir. 1987). And Marcum has not shown that other special circumstances exist: there is no evidence of bad faith motivating the state proceedings; Marcum is not challenging a state statute; and he has not demonstrated that irreparable injury would occur absent federal intervention in the state-court proceedings. To the extent that Marcum asks the Court to order him released and the charges against him dismissed, relief is unavailable under § 2241. The undersigned recommends the dismissal with prejudice of any claims seeking dismissal of the charges and immediate release.

      **B.**    **Bail Issues**

Marcum's petition also challenges the amount of bail set in state court. "A claim that the amount of bail violates the Eighth Amendment's excessive bail clause is properly brought pursuant to § 2241." *Parks v. Hubbard*, No. 1:15-CV-294-LG-RHW, 2015 WL 5640187, at *2 (S.D. Miss. Sept. 24, 2015) (citing *Simon v. Woodson*, 454 F.2d 161, 164–65 (5th Cir. 1972)). But a federal court may "intervene in state court bail matters" only if the petitioner has exhausted state remedies. *Id.* at *3 (citing *Martin v. Johnson*, No. 1:06-CV-71-D-D, 2006 WL 717491, at

*1 (N.D. Miss. Mar. 21, 2006)). Exhaustion requires the petitioner to "provide the state's highest court with a fair opportunity to pass upon the issues raised in the petition for federal habeas corpus relief." *Martin*, 2006 WL 717491, at *1 (citing *Dupuy v. Butler*, 837 F.2d 699, 702 (5th Cir. 1988)). Marcum has not exhausted. Although he filed a state habeas petition challenging his bail as excessive and has now appealed its dismissal to the Mississippi Supreme Court, that appeal remains pending. This stops him short of exhausting. The undersigned recommends dismissal without prejudice of any excessive-bail claim.

    **C.**     **Speedy Trial**

If the Court construes Marcum's petition as seeking an order enforcing his speedy-trial rights, that claim is also cognizable under § 2241. *See Black v. Gonzales*, No. 23-438, 2023 WL 2188722, at *1 (S.D. Tex. Feb. 23, 2023) (citing *Stringer v. Williams*, 161 F.3d 259, 262 (5th Cir. 1998)). To be eligible for that relief, a petitioner "must have exhausted his available state remedies." *Id.* (citing *Braden*, 410 U.S. at 488–89; *Dickerson*, 816 F.2d at 224). Marcum has not exhausted. There is no indication in the record that he has presented a claim based on his right to a speedy trial to the Mississippi Supreme Court either through an appeal or a petition for mandamus. This constitutes a failure to exhaust that requires dismissal without prejudice of his petition.

Additionally, and independent of his failure to exhaust, Marcum recently waived his speedy-trial rights in the order resetting his trial. State Ct. Order [27-4]. Marcum's counsel signed that order, it was entered in response the *ore tenus* motion filed by Marcum through his counsel, and it contains Marcum's initials. *Id.* The undersigned therefore recommends that any claims seeking to enforce his speedy-trial rights be dismissed without prejudice.

### D. Motion to Stay

Finally, in his response to the motion to dismiss and through his unsigned motion to stay, Marcum asks the Court to stay this case to allow him to exhaust his claims in state court. Marcum cites *Rhines v. Weber*, in which the Supreme Court held that a district court considering unexhausted habeas claims subject to the Antiterrorism and Effective Death Penalty Act of 1996's one-year statute of limitations may "stay the petition and hold it an abeyance while the petitioner returns to state court to exhaust his previously unexhausted claims." 544 U.S. 269, 275 (2005). But AEDPA's one-year statute of limitations does not apply to Marcum's § 2241 petition, so a stay under *Rhines* is unnecessary to preserve Marcum's right to pursue his claims. *See Marshall v. Dep't of Corrs.*, No. 18-6577, 2018 WL 6072246, at *6 (E.D. La. Oct. 26, 2018); *Overbey v. Miss. Dep't of Corrs.*, No. 4:16-CV-225-DMB-RP, 2017 WL 4274860, at *4 (N.D. Miss. Sept. 26, 2017). The undersigned recommends Marcum's motion to stay be denied.

### III. Conclusion and Recommendations

The undersigned thus recommends that the Court (1) grant Respondent's motion to dismiss, dismissing with prejudice any claims seeking dismissal of the state charges and immediate release and dismissing without prejudice all remaining claims for failure to exhaust, and (2) deny Marcum's motion to stay.

### IV. Notice of Right to Object

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party, within fourteen days after being served a copy[5] of this report and recommendation, may serve and file written objections to the recommendations, with a copy to the United States District Judge, the

---

[5] When a document is served by mail, the party is considered to have been served on the date the document is mailed by the Court. *See* Fed. R. Civ. P. 5(b)(2)(C).

Magistrate Judge, and the opposing party. The District Judge at the time may accept, reject, or modify, in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to the undersigned with instructions. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court for which there is no objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *Alexander v. Verizon Wireless Services, L.L.C.*, 875 F.3d 243, 248 (5th Cir. 2017); *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996).

    Respectfully submitted, this the 15th day of May, 2024.

s/ *Andrew S. Harris*
UNITED STATES MAGISTRATE JUDGE