UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

JEFFERY P. MARCUM                                                    PETITIONER

V.                                              CIVIL ACTION NO. 3:23-CV-311-DPJ-ASH

BILLY SOLLIE                                                        RESPONDENT

ORDER

Jeffery P. Marcum's habeas petition under 28 U.S.C. § 2241 is before the Court on the

Report and Recommendation [29] of United States Magistrate Judge Andrew S. Harris.  Marcum

is a pretrial detainee at the Lauderdale County Jail.  In his petition, he seeks dismissal of his

pending criminal charges, challenges the amount of bail set, and asserts his speedy-trial rights.

*See* R&R [29] at 3–5 (liberally construing Marcum's claims).

Judge Harris recommends granting Respondent's motion to dismiss [15] all claims and

denying Marcum's motion to stay [19].  *Id.* at 1.  Specifically, Judge Harris found that Marcum's

complaints as to bail and his speedy-trial rights should be dismissed for failure to exhaust his

state remedies.  *Id.* at 4–5.  Judge Harris also concluded that, if Marcum seeks dismissal of the

charges, "relief is unavailable under § 2241."  *Id.* at 4.

Several filings followed the R&R.  First, Marcum filed an Objection [30], and

Respondent filed a Reply [31].  Then, on July 25, 2024, Marcum submitted a "Statement" [32],

to which Respondent replied [33].  And finally, on August 15, 2024, Marcum filed a copy of a

Motion to Dismiss [34] he appears to have filed in the Circuit Court of Lauderdale County,

Mississippi.  The Court has considered each of these submissions and concludes that Judge

Harris's well-reasoned findings are correct and should be adopted.

I.      Background

        A.      Criminal Charges

        On September 19, 2022, the Lauderdale County Sheriff's Department arrested Marcum,

charging him with rape and lustful touching; bond was set at $220,000.  R&R [29] at 1.  In April

2002, the grand jury returned an indictment against Marcum, charging him with two counts of

sexual battery.  *Id.* at 2.  Since then, Marcum, through his attorney, postponed the August 31,

2023 plea deadline, citing "plea negotiations," State Ct. Order [15-12], and obtained a

continuance of the trial date, State Ct. Order [27-4].  The continuance order includes a speedy-

trial waiver, and trial is set for December 9, 2024.  State Ct. Order [27-4].  Marcum denies

agreeing to that waiver.  Obj. [30] at 3.

        B.      State-Court Habeas Petition

        Meanwhile, after the arrest but before the indictment, Marcum's attorney filed a state

habeas petition on February 3, 2023, asserting that Marcum is indigent and "has been unable to

make the total $220,000 bond set by the" court.  State Petition [6] at 2.  As relief, counsel

requested "an order releasing him, a reduction in bond, and/or any other general and specific

relief as he may be entitled."  *Id.* at 3.  The state court dismissed the petition, citing the

subsequent sexual-battery indictment.  Order [27-5] (dated February 20, 2024).  Marcum then

filed a pro se Notice of Appeal on April 22, 2024, R&R [29] at 2, and on July 15, 2024, the

Mississippi Supreme Court dismissed the appeal finding it untimely, MSSC Order [33-1].

II.     Analysis

        Judge Harris construed Marcum's filings and organized his arguments into three

categories—Dismissal of Pending Charges, Bail Issues, and Speedy Trial.  R&R [29] at 3–5.

Below, the Court will briefly address Marcum's Objections (and later filings) as they relate to each category.

A.      Dismissal of Pending Charges

Again, Marcum is a pretrial detainee awaiting trial, which is set for December 2024.  As explained by Judge Harris, "[a] pretrial detainee is not permitted to derail 'a pending state proceeding by an attempt to litigate constitutional defenses prematurely in federal court'" unless special circumstances are present.  *Graham v. Sollie*, No. 3:21-CV-379-DPJ-FKB, 2021 WL 5411549, at *1 (S.D. Miss. Oct. 22, 2021) (quoting *Braden v. 30th Jud. Cir. Ct. of Ky.*, 410 U.S. 484, 493 (1973)), *report and recommendation adopted*, 2021 WL 5404637 (S.D. Miss. Nov. 18, 2021); *see* R&R [29] at 3.  Special circumstances exist if:

> (1) the state-court proceeding was brought in bad faith or to harass the federal plaintiff; (2) the federal plaintiff seeks to challenge a state statute that is "flagrantly and patently violative of express constitutional prohibitions in every clause, sentence, and paragraph, and in whatever manner and against whomever an effort might be made to apply it," or (3) where other "extraordinary circumstances" threaten "irreparable loss [that] is both great and immediate."

*Gates v. Strain*, 885 F.3d 874, 880 (5th Cir. 2018) (quoting *Younger v. Harris*, 401 U.S. 37, 53–54 (1971); *id.* at 45)) (alteration in *Gates*); *see* R&R [29] at 4.

Marcum believes he can establish special circumstances because he allegedly suffered an "[i]rreparable injury"—a shoulder injury stemming from "inadequate facilities, medical malpractice, and deliberate indifference at LCDF [(Lauderdale County Detention Facility)]." Obj. [30] at 2.  This is not the type of "injury" *Gates* contemplates, and Marcum's complaints are not proper grounds for habeas relief.  Instead, such conditions-of-confinement claims are better raised in a civil action under 42 U.S.C. § 1983.  *See Rice v. Gonzalez*, 985 F.3d 1069, 1070 (5th Cir. 2021) ("[W]e also conclude that the Great Writ does not, in this circuit, afford release for prisoners held in state custody due to adverse conditions of confinement.  Rice has not stated a

claim for relief.").  And as Respondent points out, Marcum has already filed two § 1983 actions in this Court challenging the conditions of his confinement.  Mot. [15] at 7 n.4 (referencing *Marcum v. Lauderdale County*, No. 3:22-CV-677-TSL-RPM, and *Marcum v. Lauderdale County Sheriff's Off.*, No. 3:22-CV-695-KHJ-MTP).

Marcum has not shown special circumstances exist; the Court adopts Judge Harris's recommendation to dismiss with prejudice Marcum's plea for release.

B.    Bail Issues

Next, Marcum contests his $220,000 bail.  Judge Harris aptly explained that "a federal court may 'intervene in state court bail matters' only if the petitioner has exhausted state remedies."  R&R [29] at 4 (quoting *Parks v. Hubbard*, No. 1:15-CV-294-LG-RHW, 2015 WL 5640187, at *3 (S.D. Miss. Sept. 24, 2015)).  To exhaust, "a petitioner must present his claims to the state courts in such a fashion as to afford those courts a fair opportunity to rule on the merits."  *Martin v. Johnson*, No. 1:06-CV-71, 2006 WL 717491, at *1 (N.D. Miss. March 21, 2006).

Marcum's attorney did raise the bail concerns in the state habeas petition, which the trial court dismissed on February 20, 2024.  Order [27-5].  More than 60 days later, on April 22, 2024, Marcum filed a pro se notice of appeal.  That appeal remained pending when Judge Harris entered the R&R concluding that the claim should be dismissed without prejudice for failure to exhaust.  R&R [29] at 5.  Since then, the Mississippi Supreme Court dismissed Marcum's appeal finding it untimely under Mississippi Rule of Appellate Procedure 4(a), which allows 30 days to file an appeal.  MSSC Order [33-1] at 1–2.

Respondent insists that nothing has changed—Marcum's bail claim still faces dismissal *without* prejudice for failure to exhaust.  Supp. [33] at 9.  The Court agrees.  As Respondent

4

observes, "Marcum failed to proceed on appeal of his excessive-bond claim in a timely manner, and the Mississippi Supreme Court dismissed his appeal accordingly *without addressing the merits of any claim*." *Id.* (emphasis added).

Thus, Marcum has not given the state a "fair opportunity to pass upon the claim." *Dupuy v. Butler*, 837 F.2d 699, 702 (5th Cir. 1988) (internal quotation marks omitted); *see, e.g.*, *Edwards v. New Orleans Police Dep't*, No. CV 23-3353, 2023 WL 9376978, at *7 (E.D. La. Dec. 13, 2023) ("Claims presented in an untimely writ application have not been 'fairly presented' for exhaustion purposes."), *report and recommendation adopted*, 2024 WL 247115 (E.D. La. Jan. 23, 2024); *Jackson v. Vannoy*, No. CV 17-00265, 2018 WL 1441154, at *7 (E.D. La. Feb. 27, 2018) (". . .Jackson's writ application to the Louisiana Supreme Court was not considered by the Court because it was not timely filed.  It is clear that a claim presented in an untimely writ application has not been 'fairly presented' for exhaustion purposes.") *report and recommendation adopted*, 2018 WL 1409270 (E.D. La. Mar. 21, 2018); *see also Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005) ("When a postconviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2).")).

Marcum offers little resistance to this conclusion in his Objection, but he does say Judge Harris erred when citing *Dupuy* because that case arose under 42 U.S.C. § 2254.  Obj. [30] at 2. While *Dupuy* was a § 2254 case, Judge Harris merely listed it as the authority cited in *Martin*, which did arise under § 2241.  *See* R&R [29] at 4.  In any event, "it has long been settled that a Section 2241 petitioner must exhaust available state court remedies before a federal court will entertain a challenge to state detention."  *Montano v. Texas*, 867 F.3d 540, 542 (5th Cir. 2017); *see also Abdullah v. Lange*, No. 22-51052, 2023 WL 2618533, at *1 (5th Cir. Feb. 13, 2023), *cert. denied sub nom. Abdullah v. Texas*, 143 S. Ct. 2570 (2023).  The Court adopts Judge

Harris's finding that Marcum's bail-related claim is unexhausted and dismisses this claim without prejudice.[1]

C.       Speedy Trial

Lastly, Judge Harris construed Marcum's petition as possibly "seeking an order enforcing his speedy-trial rights."  R&R [29] at 5.  But Judge Harris noted there is no indication in the record that Marcum presented a speedy-trial-rights claim to the Mississippi Supreme Court.  *Id.* Concluding that this claim is unexhausted, Judge Harris recommended dismissal.  *Id.* (citing *Black v. Gonzales*, No. CV 23-438, 2023 WL 2188722, at *1–2 (S.D. Tex. Feb. 23, 2023)) (noting that claim to enforce speedy-trial rights is available under § 2241 but petitioner must exhaust his state-court remedies).

In his Objection [30], Marcum takes issues with Judge Harris's citation to *Black*.  Obj. [30] at 3.  He insists that *Black*, a case from the Southern District of Texas, finds "no constitutional right to hybrid defense" whereas Marcum thinks Mississippi Rule of Criminal Procedure 7 would allow hybrid representation.  *Id.*  But that's not why Judge Harris cited *Black*. He cited it for the holding that a § 2241 petitioner asserting a speedy-trial claim "must have exhausted his available state remedies."  *Black*, 2023 WL 2188722, at *2.  *Black* is correct on that point.  *See Dickerson v. Louisiana*, 816 F.2d 220, 227 (5th Cir. 1987) (holding that relief

---

[1] Alternatively, Respondent says in a footnote that if the Court finds the appeal dismissal "has resulted in a procedural default . . ., then that claim would be subject to dismissal *with prejudice*."  Supp. [33] at 9 n.2 (citing *Sones v. Hargett*, 61 F.3d 410 (5th Cir. 1995); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842–45 (1999)).  While the Court agrees this is an option, it declines to take this route, given the limited legal analysis offered and the fact that the argument was raised in a supplemental filing.  *See, e.g, Strong v. Watson*, No. 1:19-CV-118-SA-DAS, 2020 WL 3490032, at *4 (N.D. Miss. June 26, 2020) (examining procedural default and concluding untimely appeal amounted to procedural default); *Waits v. King*, No. 3:13-CV-454-TSL-JCG, 2015 WL 5642916, at *4 (S.D. Miss. Sept. 24, 2015) (examining procedural default and holding "[b]ecause Petitioner failed to timely exercise his right to appeal, he has now forfeited it through procedural default").

under § 2241 was unavailable because petitioner failed to exhaust speedy-trial claim in state court).

Factually, Marcum's most recent filing further indicates that his speedy-trial claim remains unexhausted.  On August 15, 2024, Marcum docketed a copy of a handwritten Motion to Dismiss with the heading, "In the Circuit Court of Lauderdale County Mississippi 10th Judicial District of Mississippi."  Attachment [34].  In this filing, Marcum appears to ask the state court to dismiss the case against him based on his speedy-trial rights.  *Id.* at 1–2 (citing the Mississippi Code and referencing Case No. 38C11:23-CV-00010-RB).  Assuming this document was filed in state court and remains pending (which is not apparent), it merely shows that the speedy-trial claim has not been fully exhausted in state court.

Simply put, citing *Black* was not error, and Marcum did not exhaust this claim.  The Court adopts Judge Harris's finding that the speedy-trial claim is unexhausted and should be dismissed.[2]

III.    Conclusion

The Court has considered all arguments raised by the parties; those not addressed would not have changed the result.  The Court finds the well-reasoned and thorough Report and Recommendation of United States Magistrate Judge Andrew S. Harris should be adopted as the opinion of the Court.  Marcum's claim for release is dismissed with prejudice; his claims related to bail and speedy trial are dismissed without prejudice.

---

[2] Marcum also challenges Judge Harris's observation that Marcum waived his speedy-trial rights in the order resetting trial.  State Ct. Order [27-4]; *see* R&R [29] at 5.  Marcum insists his initials were forged.  Obj. [30] at 3.  Even without considering the waiver, this claim should be dismissed for failure to exhaust.  The Objection does not change the Court's conclusion.

A separate judgment will be entered as required by Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED** this the 10th day of September, 2024.

_s/ Daniel P. Jordan III_
CHIEF UNITED STATES DISTRICT JUDGE